**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JIMMY LEVI GAUTHIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-1153-J |
| ) | |
| GARRETT HUNT, et. al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff, a pretrial detainee, filed a Complaint (Compl.) [Doc. No. 1] and a Supplement (Supp.) [Doc. No. 6] alleging constitutional violations via his criminal charges and conditions of confinement at the Stephens County Jail. The matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 626(b)(1)(B), (C). On preliminary review, Judge Purcell acknowledged Plaintiff's supplement and then concluded that Plaintiff's challenges to his criminal charges are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). To that end, the Court recommended that Plaintiff's Complaint be dismissed without prejudice. [Doc. No. 8]. Plaintiff filed an objection (Obj.) [Doc. No. 9] and this Court must now make a de novo review of the recommendation and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 626(b)(1); Fed. R. Civ. P. 72(b)(3).

**I.   Plaintiff's Claims**

According to Plaintiff, he was arrested in 2019 for failing to register as a sex offender. *See* Compl. at 5-7; Supp. at 5-6. Eventually, the district attorney dismissed that charge and Plaintiff alleges Defendants have retaliated against him with false criminal charges. *See* Supp. at 5-6. While in detention, Plaintiff alleges he was given another false criminal charge, had his phone access to his mother blocked, was punished for thirty days without due process, and was in a

physical altercation and officers did nothing as he was beaten, stomped, and stabbed. *See id.* at 2-3, 6-7.

## II.    Analysis

### A.    Plaintiff's Claims Related to his Criminal Charges

In large part, Plaintiff seeks monetary damages for retaliatory criminal charges and dismissal of those charges. *See* Compl. at 5-7; Supp. at 5-6. Judge Purcell aptly concluded that a judgment in Plaintiff's favor would imply the invalidity of his pending criminal charges and thus his claims for damages are premature. *See Heck*, 512 U.S. at 486-87; *see also Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999). Judge Purcell also correctly noted that Plaintiff's request for dismissal of pending changes must come in a petition for habeas relief. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

For Plaintiff's pending criminal charges, he agrees with the Court's assessment. *See* Obj. at 1. Thus, to the extent the Report and Recommendation recommends those claims be dismissed without prejudice, it is ADOPTED and Plaintiff's claims for monetary relief and release from confinement on the pending criminal charges are DISMISSED without prejudice.

Plaintiff does object to the recommendation as it relates to his previously dismissed state charge for failing to register as a sex offender. *See* Obj. at 1. Though the Court agrees *Heck* would not apply to a state charge that has already been dismissed, Plaintiff did not sufficiently raise this claim in either his Complaint or Supplement. Accordingly, the Court finds no reason to reject or alter the Report and Recommendation on this ground.

### B.    Plaintiff's Claims Related to his Conditions of Confinement

As noted above, Plaintiff also alleged constitutional violations occurring during his detention in the Stephens County Jail. The Report and Recommendation does not address these

claims. Accordingly, to the extent the Report and Recommendation recommends the entire action be dismissed without prejudice, the Court DECLINES adoption and RE-REFERS the matter so that these claims may be addressed.

### III.     Conclusion

For the reasons discussed above, the Report and Recommendation [Doc. No. 8] is ADOPTED IN PART and Plaintiff's claims related to his pending criminal charges are DISMISSED without prejudice. However, the Court DECLINES to dismiss the entire Complaint and RE-REFERS the matter so that the Magistrate Judge may address Plaintiff's claims related to his detention within the Stephens County Jail.

IT IS SO ORDERED this 21st day of December, 2020.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE