**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JIMMY LEVI GAUTHIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-1153-J |
| ) | |
| GARRETT HUNT, et. al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 636(b)(1)(B), (C) and currently pending is his Supplemental Report and Recommendation (Supp. Rep. & Rec.) [Doc. No. 37] and Second Supplemental Report and Recommendation (Sec. Supp. Rep. & Rec.) [Doc. No. 50]. Plaintiff has filed an Objection (Pl.'s Obj.). [Doc. No. 60]. For the reasons discussed below, both Recommendations are ADOPTED.

**I.   Background**

Plaintiff, a pretrial detainee, filed a Complaint (Compl.) [Doc. No. 1] and a Supplement (Supp.) [Doc. No. 6] alleging constitutional violations via his criminal charges and conditions of confinement at the Stephens County Jail. On preliminary review, Judge Purcell acknowledged Plaintiff's supplement and then concluded that Plaintiff's challenges to his criminal charges were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court agreed and dismissed Plaintiff's claims relating to his pending criminal charges without prejudice. [Doc. No. 11]. The case was then re-referred to Judge Purcell so that he may address Plaintiff's condition of confinement claims. *See id.*

Plaintiff thereafter filed a flurry of documents [Doc. Nos. 14-15, 17-25]. In an Order dated January 22, 2021, Judge Purcell struck the documents finding they failed to contain sufficient information to constitute proper claims; however, Plaintiff was granted permission to file an amended complaint wherein he could identify all the parties he wished to sue and provide sufficient information to state a valid claim for relief. [Doc. No. 26]. Plaintiff filed an Amended Complaint (Amend. Compl.) [Doc. No. 33] on February 3, 2021.

In the Amended Complaint, Plaintiff names sixteen defendants and invokes the First, Fourth, Eighth, and Fourteenth Amendments, and with liberal construction, various state laws. Defendants include (1) Stephens County Detention Officers Barry Rohrbough, Bruce Guthrie, and Terri Turley; (2) Stephens County Assistant Jail Administrators Eva Gray and Javier Martinez; (3) Stephens County Detention Officer/Shift Supervisor Charles Sprouse; (4) Assistant District Attorney Courtney Seiss; (5) Stephens County Detectives Timothy Vann, Keelan Barton, and Garrett Hunt; (6) Stephens County Sheriff Wayne McKinney; (7) Stephens County Undersheriff Bobby Bowen; (8) Stephens County Sheriff's Department Secretary Carla Estes; (9) Stephens County Court Clerk Melody Harper; and (1) Turnkey Medical employees Dr. Malichi and Nurse Haley. *See* Amend. Comp. at 1-8, 11, 12.

Plaintiff's claims are as follows:

- Claim One: (Section One)[1] a state law claim for abuse of process (Defendants Estes and Vann); (Section Two) an Eighth, Fourteenth Amendment, and state law claim for negligence (Defendant Sheriff McKinney); (Section Three) an Eighth and Fourteenth Amendment claim for failure to investigate (Defendants Hunt, Bowen, Barton, and Vann); (Section Four) an Eighth and Fourteenth Amendment claim for failure to protect (Defendant Martinez); (Section Five) an Eighth and Fourteenth Amendment claim for failure to intervene (Defendant Guthrie); and (Section Six) an Eighth and Fourteenth Amendment claim for false arrest.

---

[1] Plaintiff did not break his claims into sections but because he included so many different allegations under one heading, the Court finds the sectioning helpful.

- Claim Two – a Fourteenth Amendment claim against Defendants Rohrbough, Turley, Gray, Martinez, Bowen, and Sheriff McKinney for failure to answer requests to staffs and/or grievances.

- Claim Three – an Eighth and Fourteenth Amendment claim against Defendants Martinez, Dr. Malichi, and Nurse Haley for denial of or inadequate medical care.

- Claims Four & Five – an Eighth and Fourteenth Amendment claim against Defendants Gray, Turley, Rohrbough, and Martinez for (Section One) denial of due process related to jail disciplinary measures and (Section Two) against Defendant Seiss for excessive bail.

- Claim Six – a First Amendment claim against Defendant Harper for denial of the right to petition the government for redress of grievances.

*See id.*, *passim.*

After screening the Amended Complaint, Judge Purcell issued a Supplemental Report and Recommendation, recommending that the Court dismiss most the claims but finding that some claims should survive the screening process. Those include Plaintiff's: (1) state law claim for abuse of process against Defendants Vann and Estes (Claim One, Section One); (2) state law claim of negligence against Sheriff McKinney (Claim One, Section Two); (3) Fourteenth Amendment claim based on failure to intervene against Defendant Guthrie (Claim One, Section Five); and (4) Fourteenth Amendment claim against Defendant Martinez based upon inadequate medical care (Claim Three). *See* Supp. Rep. & Rec. at 26-27.

Thereafter, Plaintiff filed a motion for "Dispositive Decision" regarding the remaining claims. [Doc. No. 49]. Judge Purcell construed the motion as seeking summary judgment and issued a Second Supplemental Report and Recommendation, recommending that the motion be denied as premature. *See* Sec. Supp. Rep. & Rec. at 1-7.

**II.     Standard of Review**

Plaintiff filed an Objection to the Supplemental Report and Recommendation, in part, but states that he concurs with Judge Purcell's Second Supplemental Report and Recommendation. *See* Pl.'s Obj. at 1.

A proper objection to a report and recommendation triggers the Court's de novo review. *See* Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific so that it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

Plaintiff specifically objects to parts of Judge Purcell's findings and does not specifically object to, or even mention, others.  *See* Pl.'s Obj., *passim*.  Accordingly, the Court applies de novo review to those findings on which Plaintiff specifically objected but reviews the "non-objected to portions of the [R]ecommendation [only] to confirm that there is 'no clear error on the face of the record.'"  *Sabbath v. Hicks*, No. 20-CV-00893-PAB-KMT, 2021 WL 1015986, at *2 (D. Colo. Mar. 17, 2021) (citing Fed. R. Civ. P. 72(b)(3) and applying a de novo and non-de novo review to an objection which only specifically addressed portions of the underlying report and recommendation).

**III.    Non-De Novo Review**

Judge Purcell recommended that the Court dismiss Plaintiff's:  (1) Eighth Amendment claims (Claims One, Three, Four & Five), as he is a pre-trial detainee; (2) Fourteenth Amendment claim that Defendant Sheriff McKinney was negligent in failing to have his employees investigate whether Plaintiff needed to register as a sex offender (Claim One, Section Two); (3) Fourteenth Amendment failure to investigate claim against Defendants Hunt, Bowen, Barton, and Vann

(Claim One, Section Three); (4) Fourteenth Amendment claim against Defendant Martinez for failure to protect (Claim One, Section Four); (5) Fourteenth Amendment claim against Defendants Rohrbough, Turley, Gray, Martinez, Bowen, and Sheriff McKinney for failure to answer request to staffs and/or grievances (Claim Two); (6) Fourteenth Amendment claim against Defendants Dr. Malichi and Nurse Haley for failure to provide adequate medical care (Claim Three); and (7) Fourteenth Amendment claim against Defendants Gray, Turley, Rohrbough, and Martinez for denial of due process related to jail disciplinary measures (Claims Four & Five, Section One). *See* Supp. Rep. & Rec., *passim*. Plaintiff did not specifically address these findings and recommendations in his objection,[2] and after thorough review of the pleadings and the Supplemental Report and Recommendation, the Court finds no clear error on the face of the record. Accordingly, Judge Purcell's findings and recommendations are ADOPTED. Plaintiff's Eighth Amendment claims are DISMISSED with prejudice (Claims One, Three, Four & Five). Plaintiff's Fourteenth Amendment claims against (1) Defendant Sheriff McKinney for negligently failing to have his employees investigate whether Plaintiff needed to register as a sex offender (Claim One, Section Two); (2) Defendants Hunt, Bowen, Barton, and Vann for failure to investigate (Claim One, Section Three); (3) Defendant Martinez for failure to protect (Claim One, Section Four); (4) Defendants Rohrbough, Turley, Gray, Martinez, Bowen, and Sheriff McKinney for failure to answer request to staffs and/or grievances (Claim Two); (5) Defendants Dr. Malichi and Nurse Haley for failure to provide adequate medical care (Claim Three); and (6) Defendants Gray, Turley, Rohrbough, and Martinez for denial of due process related to jail disciplinary measures (Claims Four & Five, Section One) are DISMISSED without prejudice.

---

[2] As addressed below, Plaintiff did generally object to Defendants Gray, Turley, Rohrbough, and Martinez's dismissal from Counts Four & Five. However, he did not address Judge Purcell's finding that Plaintiff lacked a due process right in visitation, commissary, etc.

As noted above, Judge Purcell also found that Plaintiff's state law claim for abuse of process against Defendants Vann and Estes (Claim One, Section One), state law claim of negligence against Sheriff McKinney (Claim One, Section Two), Fourteenth Amendment claim based on failure to intervene against Defendant Guthrie (Claim One, Section Five), and Fourteenth Amendment claim against Defendant Martinez based upon inadequate medical care (Claim Three) should proceed. *See* Supp. Rep. & Rec. at 26-27. Plaintiff naturally does not object, and the Court ADOPTS these recommendations as well.

Finally, Plaintiff says he concurs with Judge Purcell's Second Supplemental Report and Recommendation [Doc. No. 50]. *See supra* at 3. That recommendation is therefore ADOPTED and Plaintiff's construed motion for summary judgment [Doc. No. 49] is DENIED as premature.

## IV. De Novo Review

### A. Plaintiff's Claim One, Section Six

In Claim One, Section Six, Plaintiff alleged that Stephen County officials "made up far reaching allegations of poss[ession] of stolen property and a stolen vehicle." Amend. Compl. at 16. As noted above, the Court previously dismissed these claims as premature. *See supra* at 1. In screening the Amended Complaint, Judge Purcell found these claims continued to be premature under *Heck v. Humphrey*, 512 U.S. 477 (1994) and again recommended dismissal. *See* Supp. Rep. and Rec. at 16.

Plaintiff objects, stating that these charges have since "concluded." Pl.'s Obj. at 1. But the Court judicially notices that Plaintiff recently pleaded guilty to knowingly concealing stolen property, Stephens County District Court, Case No. CF-2020-183,[3] and to possession of a stolen

---

[3] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=stephens&number=CF-2020-183 (last accessed May 6, 2021).

vehicle, Stephens County District Court, Case No. CF-2020-235.[4]  As Plaintiff has not had these charges reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ, they remain barred. *See Heck*, 512 U.S. at 486-87; *see also* [Doc. No. 11 at 2].  So, on de novo review, Judge Purcell's recommendation is ADOPTED and the claim is DISMISSED without prejudice.

### B.      Plaintiff's Claims Four & Five

#### 1.      Section One

As noted above, Plaintiff did not object to Judge Purcell's recommendation that his Fourteenth Amendment claim involving alleged due process violations be dismissed.  *See supra* at 5.  However, Plaintiff did object generally to Defendant Rohrbough's dismissal on grounds the officer taunted and threated him until he caused the disturbance for which Plaintiff was then sanctioned.  *See* Pl.'s Obj. at 2-3.  The Court acknowledges that Plaintiff mentioned the alleged taunting in his Amended Complaint, *see* Amend. Compl. at 23, however, it is not at all clear that Plaintiff intended it to be a separate claim.  Understandably, Judge Purcell did not address it as such.  Regardless, the Court DISMISSES the claim without prejudice.  "Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'"  *Alavarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)).  Plaintiff's description of the event, while certainly sounding unpleasant, does not suggest he was in terror of instant and unexpected death.

---

[4]   https://www.oscn.net/dockets/GetCaseInformation.aspx?db=stephens&number=CF-2020-235 (last accessed May 6, 2021).

### 2. Section Two

In Claims Four & Five, Section Two, Plaintiff raised a Fourteenth Amendment claim involving excessive bail. *See* Amend. Compl. at 21-25. Judge Purcell construed the allegation as against Defendant Seiss and recommended dismissal. *See* Supp. Rep. & Rec. at 23. Plaintiff objects and, relatedly, objects to the dismissal of Defendants Gray, Turley, Rohrbough, and Martinez. *See* Pl.'s Obj. at 3.

Regarding Defendant Seiss, the Court ADOPTS Judge Purcell's recommendation. As an assistant district attorney, she enjoys prosecutorial immunity for decisions related to what charges to bring and how much bail to seek. *See Lerwill v. Joslin*, 712 F.2d 435, 438 (10th Cir. 1983) ("[F]or purposes of immunity analysis, a prosecutor's advocacy of a given amount of bail is indistinguishable from his requesting an arrest warrant except that a bail proceeding is not generally ex parte, and is therefore less subject to abuse. We conclude that [the prosecutor's] filing charges, procuring an arrest warrant, and seeking a particular bail amount were part of his initiation and presentation of a prosecution within the meaning of *Imbler*.") (internal quotation marks omitted). This claim is DISMISSED without prejudice.

As for Defendants Gray, Turley, Rohrbough, and Martinez, Judge Purcell did not interpret the Amended Complaint as alleging these non-prosecutors were named in Plaintiff's excessive bail claim. This is understandable, as these officials do not set (or seek) bail in Oklahoma. *See Clark v. Hall*, 53 P.3d 416, 417 (Okla. Crim. App. 2002) (Oklahoma case noting judges set bail and have "wide latitude" in doing so). Thus, to the extent Plaintiff intended to name these parties in his excessive bail claim, they are DISMISSED without prejudice.

### C.    Plaintiff's Claim Six

Finally, Plaintiff alleges a First Amendment rights violation against Defendant Harper, the Stephens County Court Clerk.  *See* Amend. Compl. at 26.  Judge Purcell recommended dismissing this claim as Plaintiff failed to supply any factual allegations, relying instead on "'[d]ocuments [that] have been submitted prior to this amendment.'"  Supp. Rep. & Rec. at 25 (citing Amend. Compl. at 26).  In his objection, Plaintiff merely states the same, arguing that the Court should consider documents previously stricken which would support his "allegation of [First] Amendment violation of [his] right to access of a higher court in submittance of grievances."  Pl. Obj. at 2.

Plaintiff attempted to file numerous supplements, each of which Judge Purcell struck because Plaintiff had already filed an amended complaint and could not continue to amend without leave of Court.  *See* [Doc. Nos. 39, 42, 46].  Plaintiff did not object to Judge Purcell's Orders, the latest of which was filed on March 2, 2021.  *See* Fed. R. Civ. P. 72(a) (granting a party fourteen days to object to a Magistrate Judge's non-dispositive order).  And, even if he had, this Court would have accepted the Orders as they clearly and accurately set forth Plaintiff's duty to seek leave of court to file another amended complaint.  Plaintiff did not seek that leave and the Court does not consider the stricken documents herein.  To that end, on de novo review, the Court ADOPTS Judge Purcell's recommendation that Plaintiff's First Amendment claim be dismiss and DISMISSES that claim without prejudice.

### D.    Summary

On de novo review, the Court ADOPTS Judge Purcell's recommendations and DISMISSES (1) Claim One, Section Six; (2) Claims Four & Five, Sections One and Two; and (3) Claim Six without prejudice.

## V. Conclusion

For the reasons discussed above, on both non-de novo and de novo review, the Supplement Report and Recommendation [Doc. No. 37] and Second Supplemental Report and Recommendation [Doc. No. 50] are ADOPTED. The only claims to survive the Court's screening include Plaintiff's: (1) state law claim for abuse of process against Defendants Vann and Estes (Claim One, Section One); (2) state law claim of negligence against Sheriff McKinney (Claim One, Section Two); (3) Fourteenth Amendment claim based on failure to intervene against Defendant Guthrie (Claim One, Section Five); and (4) Fourteenth Amendment claim against Defendant Martinez based upon inadequate medical care (Claim Three). Plaintiff's other claims are each DISMISSED, with and without prejudice, as discussed above. Plaintiff's motion for "Dispositive Decision" is DENIED. [Doc. No. 49].

The Court RE-REFERS this matter so that the Magistrate Judge may address Plaintiff's surviving claims. In his objection, Plaintiff asks for legal assistance. *See* Pl.'s Obj. at 1. Plaintiff is free to submit a properly filed motion requesting legal counsel, which Judge Purcell will address at his discretion.

IT IS SO ORDERED this 11th day of May, 2021.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE